# Kelly *versus* Kauffman.

1. Two persons were engaged as partners in purchasing and selling cattle, and the residue of the cattle after sales made were agreed to be taken by one of the partners at a stipulated price per head. The partners had a settlement of the partnership accounts, and a division of the assets was made. A note of a debtor of the firm, for cattle sold to him, had been endorsed in the name of the firm to one of the partners, the plaintiff in the action, and by him to a bank, by which it had been discounted, and the proceeds had been applied to the business of the partnership. The debtor failed to pay, and the partner who had it discounted paid its amount to the bank, and afterwards brought an action of account render against the other partner for contribution. It was *held*, that nothing short of an agreement mutually releasing each other from liability for the note would produce that effect, and in the absence of such proof, the defendant was liable to contribution.

2. It was error in the Court to permit the jury to infer an agreement by the plaintiff to take such note at his own risk, from circumstances which did not justify such a conclusion.

3. In an action of account render it was proper to permit a party to send out with the jury a calculation of the account between the partners, composed of items which had been proved on the trial of the case.

ERROR to the Common Pleas of *Lancaster county.*

This was an action of account render by Patrick Kelly *v.* John Kauffman. The parties had been partners in the purchase and sale of cattle. Most of the cattle had been sold; seventy-five of them to George Heller, who gave his note, payable to the firm, for \$2863.77, dated 11th July, 1849, and payable in twenty days from date. On the 19th July, 1849, Kelly agreed to take the residue of the cattle at \$28 per head. The note of Heller, with the firm endorsement, was received by Kelly, who endorsed it, and had it discounted at the Lancaster County Bank, and the proceeds were applied by him to the credit of the partnership.

[Kelly *v.* Kauffman.]

On the 19th July, the partners had a settlement of the partnership accounts, made, it was alleged, in order to ascertain the profit from their operations, and the notes belonging to the firm were divided between the parties. At what time the note of Heller was discounted, or when it was endorsed in the firm name, was not stated on the paper-books. Heller failed to pay his note, and Kelly settled it with the bank, and brought this action of account render against Kauffman to require him to account for his share of the loss on the note.

On the trial of the case, a witness testified, *inter alia*, that he was occasionally in the room whilst Kelly and Kauffman were settling some account relating to a lot of cattle. After they finished the matter, they said that all was settled between them, and that Kauffman had $5 to receive, and Kelly gave it to him. He said, " you have yours and I have mine ;" everything is right. He further said one had a certain set of notes and the other had another. He heard nothing said as to any loss, if the debtors did not pay.

Jacob Bausman testified that Kelly told him he had " bought Kauffman's interest for $150 ; that he did well on the cattle afterwards. He told me that he bought his interest in a lot of cattle they had between them."

Lewis, J., *inter alia*, charged that if the jury find that Kelly, for $150, purchased the whole interest of Kauffman in the cattle unsold, and in the debts due for cattle previously sold, thus including the whole of his interest in the firm, the verdict may be for the defendant. But if the declaration of Kelly, as stated by Bausman, had relation only to the purchase of Kauffman's interest in the cattle then unsold, and not to the purchase of his interest in the debts due to the parties for cattle previously sold, this purchase would not be a bar to the action.

Also, if the jury find that the other transactions in which the parties were interested were settled, and that in that settlement Kelly received and credited as cash a note of Heller for $2860, payable to the firm, for cattle sold by both to Heller, each party believing the note to be good, and that it would be paid at maturity, and further find that this debt was lost by the insolvency of Heller, and without any neglect or fault of Kelly, they will inquire whether he agreed to take the note *at his own risk.* If he did so, he must bear the loss. If he did not, justice requires that each should bear half the loss.

Verdict was rendered for the defendant.

*Franklin,* for the plaintiff in error.—He contended that no evidence was given from which the jury had a right to infer an agreement by Kelly to take on himself the risk of the payment of the note of Heller, and that the Court erred in referring such a question

[Kelly v. Kauffman.]

to them. The note did not then belong to the firm, but had been endorsed to the bank. It was not alluded to specially, or by any general description which included it.

2. That the Court erred in permitting the defendant's counsel to send out with the jury a statement which was not a calculation of any claim made by the defendant against the plaintiff. Its object was to show that the hypothesis they advanced was consistent with the amounts paid; and it was calculated to mislead the jury by presenting a one-sided view of the case.

*Ellmaker* and *Stevens*, for defendant, contended that Kelly did not purchase only the interest of the firm *in the cattle unsold;* the purchase of the 94 cattle at $28 per head, did not produce a profit of $300, and yet the interest sold did show that profit. The settlement contained all the notes and accounts of the firm, and they were divided between the parties. It was contended that the whole partnership transactions were accounted for, and by the sale of the cattle the partnership was dissolved, and if any further accountability existed, it could not be determined in the action of account render, but otherwise.

The statement sent out contained nothing that was not in evidence. It was nothing more than a statement of the account as proved. No remark or argument was stated on it. It is usual to send out a statement of the items proved, and calculations *of the profits* are frequently sent out, especially when in part made up of items of which there is no written evidence, as notes paid or destroyed, or of money paid.

The opinion of the Court was delivered, May 20, by

Lewis, J.—The contract of partnership is essentially an agreement to participate in the profits and losses. A settlement of the accounts, and a division of the partnership assets, does not discharge the parties from their mutual obligations to contribute to losses which may subsequently arise from circumstances not anticipated at the time of the settlement. Nothing short of an agreement mutually releasing each other from such liability will produce that effect; and this was the substance of the instructions given below. But on a careful consideration of the evidence relied upon to establish this agreement, we are of opinion that it had relation only to a division of the partnership assets, and not to the question of ultimate liability for losses not anticipated at the time. The note of George Heller was by its terms, made payable to Patrick Kelly & Co., and could not be negotiated without an endorsement of the firm, which would render both parties liable to the holder for its amount, upon non-payment at maturity and due notice of the default. The transfer of the note to Kelly carried with it the right to dispose of it in the usual way, by an endorsement which involved the credit and liability of both partners. An agreement

[Kelly *v.* Kauffman.]

which thus continued the liability of the firm, would, of itself, be suggestive of the propriety of an equally explicit engagement, that, as between themselves, the whole loss which might thus accrue should fall only upon one, if such was their understanding of the terms of the settlement. The absence of an express provision to this effect gives strength to the conclusion that the question of ultimate liability for losses which might accrue by reason of a failure to recover the claims that were divided, was not the subject of consideration or agreement. The original liability, by virtue of the contract of partnership, was discharged neither by the settlement, nor by the conversation which took place at the time. There was therefore error in permitting the jury to infer an agreement by Kelly to take the note at his own risk, from circumstances which did not justify such a conclusion. For this cause the judgment is to be reversed. We perceive no other error in the instructions and proceedings of the Court below.

Judgment reversed and *venire de novo* awarded.